UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN D. CEASAR, #204500**

    Petitioner,

                                        Civil No: 06-CV-15294
                                        Honorable Marianne O. Battani
                                        Magistrate Judge Mona K. Majzoub

v.

**MILLICENT WARREN**,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITIONER'S MOTION TO SET ASIDE
DISTRICT COURT'S ORDER & MOTION TO COMPEL DISCOVERY**

On November 30, 2006, John D. Ceasar, filed an application for petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner subsequently filed the following motions with the Court: "Motion for Appointment of Counsel" and "Motion for Procedural Default by the Attorney General, Rule 60(B) Motion to Vacate a Void Judgment and Immediate Release from Custody." Respondent filed an answer to the habeas petition on June 27, 2007,[1] however, no responses were filed with respect to the above referenced motions. On September 24, 2007, the Court denied each of Petitioner's motions. On November 5, 2007, Petitioner filed a "Notice of Appeal" with the Sixth Circuit Court of Appeals, appealing the Court's September 24, 2007 Order. On the same day, Petitioner filed the following pending motion with the Court: "Motion for Rule 60(B)(4), Fed. R. Civ. Proc. Seeking to Set Aside the District Court's Order Denying Relief on his §2254 Petitioner for Habeas Corpus" (hereinafter "Motion to Set Aside"). Also pending before the Court is

---

[1] The Rule 5 materials in this case were not filed until April 28, 2008.

Petitioner's "Motion for Demand to the Wayne County Prosecutor's Office & D.P.D. to Compel Discovery." For the reasons stated below, the Court will deny both motions.

## I. DISCUSSION

### A. Motion for Reconsideration

The Court will interpret Petitioner's "Motion for Rule 60(B)(4), Fed. R. Civ. Proc. Seeking to Set Aside the District Court's Order Denying Relief on his §2254 Petitioner for Habeas Corpus" as a motion for reconsideration. It challenges the Court's September 24, 2007 order denying Petitioner's "Motion for Procedural Default by the Attorney General, Rule 60(B) Motion to Vacate a Void Judgment and Immediate Release from Custody," the same relief is requested, and the same habeas claims that are presently before the Court for review are revisited. The Court denies Petitioner's motion for two reasons.

First, according to the above set forth chronology of filing events, Petitioner's motion to set aside was filed on the same day as Petitioner filed his notice of appeal with the Sixth Circuit, both of which challenged this Court's September 24, 2007 Order. The Sixth Circuit dismissed Petitioner's appeal on December 3, 2007 stating that "[n]o final or appealable order terminating all the issues presented in the litigation has been entered . . . It is ordered that the appeal is dismissed." *Ceasar v. Warren,* No. 07-2413 (6th Cir. Dec. 3, 2007). The Sixth Circuit did not remand the matter to this Court.

Because Petitioner filed his notice of appeal simultaneous with or prior to seeking reconsideration of the September 24, 2007 Order in this Court, the Court no longer had jurisdiction over the matter. *See, Pittock v. Otis Elevator Co.,* 8 F.3d 325, 27 (6th Cir. 1993) ("[a]s a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal

. . . "). The "traditional rule is that a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *LSJ Inv. Co. Inc., v. O.L.D., Inc.,* 167 F.3d 320, 324 (6th Cir. 1999), quoting, *Pittock v. Otis Elevator Co.,* 8 F.3d at 327. As previously stated the Sixth Circuit did not order such a remand in this case.

The current motion to set aside having been filed simultaneously with or prior to seeking reconsideration of the September 24, 2007 Order, this Court did not have jurisdiction to decide Petitioner's motion to set aside at the time it was filed with this Court. *See also United States v. Moss*, 189 F.R.D. 354, 356 (E.D. Mich. 1999). Moreover, since the Sixth Circuit has already decided to dismiss Petitioner's appeal of the September 24, 2007 Order and did not remand the matter, this Court continues to have no jurisdiction. A ruling by this Court upon the motion at this juncture would be moot.

Second, even if the Court had jurisdiction to rule upon Petitioner's motion to set aside, it would be denied as it was filed out of time. Because Petitioner had only 10 days to file a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(g)(1), intermediate legal holidays and weekend days are excluded under Federal Rule of Civil Procedure 6(a)[2]. Therefore, Petitioner was required to submit his motion for reconsideration on or before October 8, 2007.[3] Because courts have not been blind to the dilemmas of *pro se* prisoners and the particular challenges they face in meeting court deadlines, the Supreme Court formulated a mailbox rule, stating that

---

[2]Federal Rule of Civil Procedure 6(e), which gives a party three additional days to file a document when the party is required to do so within a specified time period *after service*, does not technically apply here because Eastern District of Michigan Local Rule 7.1(g)(1) requires the motion to be filed "10 days *after entry* of the judgment or order," not after service of the order.

[3]The October 8, 2007 deadline takes into consideration the weekends of September 29, 2007, September 30, 2007, October 6, 2007 and October 7, 2007.

3

documents are considered filed with the court when the document is submitted to prison officials for filing. *Houston v. Lack,* 487 U.S. 266, 272 (1988). Therefore, under the mailbox rule, if Petitioner had given his motion to prison authorities to mail on October 8, 2007, his motion would be considered timely.

Petitioner signed his reconsideration motion on October 31, 2007. Therefore, Petitioner relinquished control of his reconsideration motion seventeen business days late. Consequently, even if the Court uses the date Petitioner signed the petition as the mailbox rule date, it remains untimely as it still several days late. *See e.g., Hudson v. Martin,* 68 F.Supp.2d 798, 799, n. 2 (E.D. Mich. 1999). As a result, Petitioner's motion is untimely and he has waived his opportunity for reconsideration by this Court.

**B. Discovery Motion**

Petitioner requests that Respondent be compelled to produce the complainant's medical records. Habeas petitioners do not have a right to automatic discovery. *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing §2254 Cases, 28 U.S.C. foll.§2254, to grant discovery to a habeas petitioner upon a fact specific showing of good cause. *Id.* If a petitioner can point to specific evidence that might be discovered that would support his constitutional claims, he is able to establish good cause to obtain discovery. *Marshall v. Hendricks,* 103 F.Supp.2d. 749, 760 (D.N.J. 2000); *rev'd in part on other grds,* 307 F.3d 36 (3d Cir 2002). However, without a showing of good cause and without a habeas petitioner citing to specific information of what he hopes to learn from the additional discovery, a federal court will

4

not order discovery. *Marshall v. Hendricks,* 103 F.Supp.2d. at 763-64. A habeas petitioner's vague and conclusory allegations are insufficient to obtain additional discovery. *Payne v. Bell,* 89 F.Supp.2d 967, 970 (W.D. Tenn. 2000).

Additionally, a district court does not abuse its discretion in denying a habeas petitioner's request for discovery, when the request falls more in the category of a "fishing expedition masquerading as discovery." *Stanford v. Parker,* 266 F.3d at 460. Moreover, a district court does not abuse its discretion by denying a habeas petitioner's request for discovery, when the discovery requested by a petitioner would not have resolved any factual disputes that could entitle him to habeas relief, even if the facts were found in his favor. *Id.* A petitioner must produce specific evidence that supports his claim that the requested material will yield the asserted information. " See *Munoz v. Keane,* 777 F.Supp. 282, 287 (S.D.N.Y. 1991), *aff'd sub nom., Linares v. Senkowski,* 964 F.2d 1295 (2d Cir. 1992).

Here, Petitioner claims that the complainant's medical records *may* indicate that there was no sexual penetration; and it is Petitioner's *belief* that the "medical records will play a valuable part . . . on his habeas appeal." (Disc. Mot. at 4). If the medical records yield that information favoring Petitioner's defense, then he asserts that there was insufficient evidence produced at trial to sustain a conviction for two counts of criminal sexual conduct; and her injuries were inconsistent with being sexually assaulted. Petitioner has not demonstrated that production of the complainant's medical records will support his insufficient evidence claim. Therefore, the general request for complainant's medical records based upon possible information and beliefs amounts to a "fishing expedition," and is denied.

## C. Letters

Petitioner has filed a letter with the Court dated June 17, 2008. His letter is construed as another discovery request where in he requests a copy of his current docket sheet and virtually any and all Rule 5 materials. Petitioner does not indicate why he requires a copy of the Rule 5 materials, nor does the Court find that Petitioner has produced any evidence that supports his claim that the requested materials will support specific constitutional claims.

Petitioner also states that as of June 14, 2008, he has not received a copy of Respondent's answer to his habeas petition. Respondent filed its answer with the Court on June 26, 2007. Respondent's certificate of service indicates that a copy of its responsive pleading was mailed, by using the United States Postal Service, to Petitioner at Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, Michigan, 48446. According to an Offender Tracking Information System (OTIS) search, Petitioner remains housed at Thumb Correctional Facility. Therefore, it is unclear why Petitioner has not received a copy of Respondent's answer to date. However, the Court is cognizant of how mail can get lost or otherwise fail to make its destination within the prison system and will therefore order Respondent to mail another copy of its answer to Petitioner at the address of record.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's motion to set aside this Court's September 24, 2007 Order [dk.# 11] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion to compel discovery [dk.# 19] is **DENIED.**

**IT IS FURTHER ORDERED** that Respondent mail another copy of its answer to the habeas petition in this case within **fourteen (14) days** from the date of this Order to Petitioner at the address of record.

**IT IS FURTHER ORDERED** that Petitioner shall have **forty-five (45) days** from the new date on Respondent's certificate of service to submit a reply.


                                            s/Marianne O. Battani
                                            HONORABLE MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT COURT

Dated: 9/03/08