**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN D. CEASAR, #204500,

    Petitioner,

                                    Civil No: 06-CV-15294
                                    Honorable Marianne O. Battani
                                    Magistrate Judge Mona K. Majzoub

v.

MILLICENT WARREN,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner, John D. Ceasar, is a state inmate currently incarcerated at Thumb Correctional Facility in Lapeer, Michigan. Petitioner was convicted after his nolo contendere plea in Wayne County Circuit Court, case number 02-006207, of assault with intent to murder, Mich. Comp. Laws §750.83; two counts of first-degree criminal sexual conduct during the commission of a felony, Mich. Comp. Laws §750.520b(1)(b)(C), armed robbery, Mich. Comp. Laws §750.529; felon in possession of a firearm, Mich. Comp. Laws §750.224(F); and felony firearm, Mich. Comp. Laws §750.227b. He also pled no contest in case number 02-006208 to assault with intent to murder, Mich. Comp. Laws §750.83; two counts of criminal sexual conduct, Mich. Comp. Laws §750.520b(1)(C); felon in possession of a firearm, Mich. Comp. Laws §750.224(F); armed robbery, Mich. Comp. Laws §750.529; and felony firearm, Mich. Comp. Laws §750.227b. Petitioner was sentenced to thirty-one years three months to sixty years for the assault with intent to

murder, criminal sexual conduct, and armed robbery offenses; three years four months to five years for the felon in possession of firearm charges; and two years, consecutively for the felony firearm offenses.

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254. For the reasons that follow, the Court will deny the petition.

## I. BACKGROUND

In trial court case number 02-006207 Petitioner's conviction arose from his nolo contendere plea regarding the sexual assault of Annette Martin. On February 9, 2002 Petitioner dragged her into a vacant building, pointed a gun in her vagina, fired a shot, and then proceeded to sexually penetrate her with his penis. He also took her personal property. Ms. Martin sustained brain damage and life-threatening injuries, underwent numerous surgical procedures and spent several months in the hospital.

In court case number 02-006208 Petitioner's conviction arose from his no contest plea to sexually assaulting Cheryl Carter, when on April 14, 2002, he dragged her into a vacant building, sexually penetrated her rectum with his penis and forced her to perform oral sex. Petitioner also demanded that she turn over her jewelry at gun point and continued his threats to kill her. Fearing for her life, Ms. Carter bit Petitioner's penis drawing blood, and he subsequently fled the scene.

Petitioner filed a motion to withdraw his nolo contendere plea with the trial court, and his request was denied. Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the following claim:

> Did the trial court abuse its discretion when it refused to allow the defendant to withdraw his no contest plea?

Petitioner's delayed application for leave to appeal was denied. *People v. Ceasar,* No. 250853 (Mich. Ct. App. Nov. 6, 2003).

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same issue as presented before the Michigan Court of Appeals, as well as the following claims:

> The affiant knowingly and intentionally included a false statement to secure the search warrant and therefore it is invalid.
>
> Petitioner was subjected to inconsistent convictions.
>
> Trial court erred in not conducting an evidentiary hearing relative to Petitioner's motion to suppress.
>
> The prosecutor failed to disclose all material evidence pursuant to *Brady v. Maryland.*[1]
>
> Administrative procedures were not adhered to after Petitioner's sentencing[2].

Relief was denied because the court was "not persuaded that the questions presented should be reviewed by this Court." *People v. Ceasar,* 470 Mich. 861; 680 NW2d 417 (2004)(table).

Petitioner filed a motion for relief from judgment with the trial court which was described by the trial court as follows:

> The defendant's motion for relief from judgment is 148 pages, handwritten and in capital letters, that is no more than repetition upon repetition of incomprehensive dribble and innocuous reference to, and quotes from,

---

[1] *Brady v. Maryland,* 373 U.S. 83 (1963)

[2] For purposes of clarity, the Court has paraphrased Petitioner's five additional claims.

arcane and inapplicable case law.  He spends a number of pages about discrepancies in the description given by the victims, that his arrest was without a warrant and therefore unlawful, that he was not timely arraigned before a magistrate, the police suppressed evidence, [and] there was corruption and abuse of power by the police and prosecutor because of intense community and media pressure.  Additionally, he contends that defense counsel did not seek an evidentiary hearing to suppress evidence illegally seized by the police or suppress evidence of an improper photo-lineup.

Order, 7/15/05, pg. 2.  The trial court denied Petitioner's relief from judgment motion.[3]

Petitioner then sought leave to appeal to the Michigan Court of Appeals raising the following issues:

> I.  Failure to promptly arraign on the charges in a timely manner.
>
> II.  Defendant['s] code of criminal procedure provides that his XIV Amendment rights not be  violated on his motion to suppress without a full evidentiary hearing.
>
> III.  Improper photograph line up procedures and pretrial identification were unduly suggestive.
>
> IV.  After sentencing MCR 2003 says Rule 6.425 sentencing (E) the court shall give the def[endant] a form developed by the state court administrative office to file as an application for leave to appeal.
>
> V. Rights guaranteed through a Confrontation Clause is the accused's right to be present in the courtroom at every stage.
>
> VI.  Wayne County Prosecutor mishandled these cases in the beginning displaying prosecutorial misconduct severely.
>
> VII.  Defendant['s] challenges the integrity and characteristic of these alleged forged/fraud documents.
>
> VIII.  Defendant in Michigan has a constitutional right to effective assistance of counsel; US Const. Amend. VI and XIV.

---

[3]Petitioner's habeas petition is also handwritten in capital letters, is repetitive, consists of endless citations to sources that may or not be relevant, and constitutes a rambling, incomprehensible and incoherent habeas submission.

>IX. Defendant conviction should be reversed because there [was] insufficient evidence used to convict this defendant.

The Michigan Court of Appeals denied relief "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Ceasar,* No. 264817 (Mich. Ct. App. March 23, 2006).

Petitioner then sought leave from the Michigan Supreme Court raising the same issues presented before the Michigan Court of Appeals. Relief was denied "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Ceasar,* 477 Mich. 908; 722 NW2d 851 (2006)(table).[4]

Petitioner now files a petition for writ of habeas corpus under 28 U.S.C. §2254 raising the following claims:[5]

>I. Improper photograph lineup procedures and pretrial identification were unduly suggestive.
>
>II. Defendant challenges the integrity and characteristic of these alleged forged/fraud documents.
>
>III. Failure to promptly arraign on the charges in a timely manner.
>
>IV. *Miranda*[6] rights were violated.
>
>[V.] Defendant in Michigan has a constitutional right to effective assistance of counsel; US Const Amend. VI and XIV.

---

[4] During Petitioner's post-conviction process, he filed motions for remand and for an evidentiary hearing with the Michigan Court of Appeals. Petitioner also filed a motion for peremptory reversal, which was interpreted by the Michigan Court of Appeals as a successive motion for relief from judgment.

[5] Petitioner also filed a supplemental habeas brief for purposes of embellishing his insufficiency of evidence claim.

[6] *Miranda v. Arizona,* 383 U.S. 436 (1966)

5

[VI.] Defendant's conviction would be reversed because there w[as] insufficient evidence used to convict this defendant.

## II.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel.  *See Wiggins v. Smith,* 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. §2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis,* 144 F.3d 429, 433 (6th Cir. 1998).  Mere error by the state court will not justify issuance of the writ; the state court's application of federal law "must have been objectively unreasonable." *Wiggins,* 539 U.S. at 520-21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (internal quotes omitted)).  Additionally, this Court must presume the correctness of state court

factual determinations. 28 U.S.C. §2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

> The Supreme Court explained the proper application of the "contrary to" clause: A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams,* 529 U.S. at 405-06.

The Supreme Court held a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of §2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law . . . Under §2254(d)(1)'s "unreasonable application" clause, then a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . Rather, that application must also be unreasonable.

*Id.* at 409, 410-11.  *See also Davis v. Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

### III.  DISCUSSION

#### A.  Exhaustion of Claims IV (*Miranda)* & VI (Insufficient Evidence)

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case Petitioner has not properly exhausted his *Miranda* claim or his insufficiency of evidence claim.  Petitioner first raised the *Miranda* issue in this habeas petition.  Therefore, the *Miranda* claim has not been presented to either the Michigan Court of Appeals or the Michigan Supreme Court.   Petitioner's insufficiency of evidence claim was first raised on collateral review before the Michigan Court of Appeals, but not in his motion for relief from judgment from which he was appealing.  A habeas petitioner's claims are not properly exhausted when he fails to present them in his motion for relief from

judgment before the trial court, but rather first raises the claim when seeking leave to appeal before the Michigan Court of Appeals. *Kincade v. Stegall,* No. 99-CV-76350-DT, 2001 WL 279751, *5 (E.D. Mich. Jan. 23, 2001); *See, e.g., West v. Jones*, No. 06-CV-12057, 2008 WL 1902063, *11-12 (E.D. Mich. April 29, 2008); *Dorch v. Smith*, No. 01-CV-71206-DT, 2002 WL 32598987, *19 (E.D. Mich. Sept. 11, 2002). Therefore, Petitioner's *Miranda* and insufficiency of evidence claims have not been exhausted.

Typically, the options available to a court in this situation are: (1) dismiss the matter without prejudice in order to provide Petitioner the opportunity to exhaust the subject claims if a state court remedy is available, i.e., motion for relief from judgment; (2) allow Petitioner to exclude the unexhausted claims from the habeas petition so that the remainder of the petition only consists of exhausted issues; or (3) excuse the exhaustion requirement and rule on the merits of the unexhausted claims if it would be more efficient to do so.

In this case, the Court cannot exercise option (1) because there is no state court remedy available. The only state court remedy for post-conviction review is filing a motion for relief from judgment with the trial court. MCR 6.501, et. seq. Petitioner has already filed a motion for relief from judgment, and successive motions for relief from judgment are not permitted. MCR 6.502(G)(1). Because there is no available state court remedy, Petitioner's claims are procedurally defaulted, *infra*, and the issue of excusing the exhaustion requirement is moot. *Rust,* 17 F.3d at 160. Additionally, in light of the fact that Petitioner's remaining claims are also procedurally defaulted, *infra*, the Court will first engage in a procedural default analysis as opposed to ruling on the merits of the remaining exhausted, but procedurally defaulted claims.

### B. Procedural Default of Petitioner's Claims

A state prisoner's habeas claims are procedurally defaulted if the prisoner has failed to comply with an independent and adequate state procedural rule, thus causing default of the prisoner's federal claims in state court. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This can occur when an individual fails to present an issue to a state appellate court upon the only opportunity to do so. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Rust*, 17 F.3d at 160. In *Coleman*, the United States Supreme Court held that if the decision of the last state court to which a habeas petitioner presented his federal claims fairly appeared to rest primarily on federal law, or to be interwoven with federal law, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition. *Id.* at 735. The Court went on to note:

> This rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims [citation omitted].

*Id.* at 735 n.1.

The United States Court of Appeals for the Sixth Circuit employs a four-part test to determine whether a state procedural default bars federal habeas review. The inquiry is whether: (1) a state procedural rule exists that applies to the petitioner's claim, (2) the petitioner failed to comply with the rule, (3) the state court actually applied the state rule in rejecting the petitioner's claim, and (4) the state procedural rule is an adequate and independent ground upon which the state can rely to deny relief. *Frazier v. Huffman*, 343 F.3d 780, 790 (6th Cir. 2003) (citing Reynolds v. Berry, 146 F.3d 345, 347 (6th Cir.1998)).

A state prisoner who fails to comply with a state's procedural rules waives the right

10

to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); The cause and prejudice test should be applied to all occasions where a procedural default bars state litigation of a constitutional claim. *Coleman*, 501 U.S. at 750.

Petitioner first properly presented his habeas claims I, II, III, and V to the state courts in his motion for relief from judgment. Both the Michigan Supreme Court and the Michigan Court of Appeals denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* Mich. Ct. R. 6.508(D)(3). The Michigan Supreme Court's decision, while brief, was based upon an independent and adequate state procedural rule. *See Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000) (Michigan Supreme Court's citation to MCR 6.508(D) to deny relief constitutes a reasoned decision invoking a procedural bar); *see also Alexander v. Smith*, _ F.3d _, 2009 WL 426261, *6 (6th Cir. Feb. 20, 2009) (confirming that *Simpson* is binding precedent); *cf. Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007), *cert. den.* _ U.S. _, 128 S. Ct. 1897 (2008)(ruling that it may be appropriate to look to the state trial court's decision denying a motion for relief from judgment to determine whether the appellate courts relied upon a procedural default in denying relief pursuant to MCR 6.508(D)); *Abela v. Martin*, 380 F.3d 915, 921-23 (6th Cir. 2004) (distinguishing case where

Michigan Court of Appeals denied relief for lack of merit in the grounds presented). In this case, the Michigan Supreme Court (and the Michigan Court of Appeals) relied upon a clear state procedural default in denying Petitioner relief on his claims.

To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. A petitioner must present a substantial reason to excuse the default. *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988); *Rust*, 17 F.3d at 161. Petitioner in this case not only does not provide a reason for the default, but completely fails to address the issue of procedural default or cause for the default. This court need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default. *See, e.g., Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983); *Bell v. Smith*, 114 F. Supp. 2d 633, 638 (E.D. Mich. 2000) (Gadola, J.). Petitioner has also not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995); *Murray v. Carrier*, 477 U.S. at 496.

"[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. His assertion that his habeas claims have merit does not establish a miscarriage of justice. Petitioner's photo line-up, fraudulent document,

12

arraignment, *Miranda,* ineffective assistance of counsel, and insufficiency of evidence claims are thus barred by procedural default and do not warrant federal habeas relief.

### C. No Contest Plea

In Petitioner's initial applications for leave to appeal before the Michigan Court of Appeals and the Michigan Supreme Court, he claimed that the trial court erred when if refused to allow the withdrawal of his no contest plea. Although Petitioner does not raise the issue regarding his plea on collateral review or here, for purposes of completeness, the Court will briefly address the claim.

A guilty or no-contest plea constitutes a waiver of several constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Therefore, the plea must be a voluntary, knowing, and intelligent act, which is "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). "[F]or a plea to be voluntary and intelligent a defendant must be apprised of the direct consequences of entering the plea," *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991) (citing *Brady*, 397 U.S. at 755), including "the maximum sentence that could be imposed," *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994) (citing *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991)).

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady,* 397 U.S. at 757. Furthermore, "the representations of the defendant . . . at [a plea]

13

hearing . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *See Hoffman v. Jones,* 159 F. Supp. 2d at 655-56. Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. *See Myers v. Straub,* 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09. 1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

14

In the present case, Petitioner was advised of the maximum penalties for the offenses that he was charged with and any mandatory minimum penalties. The trial court explained to Petitioner at great length the applicability of the Michigan Sentencing Guidelines and how they would only apply to his minimum sentence. The trial court and the prosecutor placed the terms of the plea agreement on the record.  Petitioner denied that any other promises or threats had been made to induce his plea of no contest. The transcript and the colloquy clearly establish that Petitioner's plea of no contest was entered into knowingly and voluntarily.

Therefore, even if the validity of the no contest plea was an issue properly before this Court, the claim is without merit.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT

Dated: June 2, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner and Counsel for the Respondent.

s/Bernadette M. Thebolt

Case Manager

15