**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN D. CEASAR, #204500,

    Petitioner,

                                    Civil No: 06-CV-15294
                                    Honorable Marianne O. Battani
                                    Magistrate Judge Mona K. Majzoub

v.

MILLICENT WARREN,

    Respondent.
_____/

**OPINION & ORDER DENYING A CERTIFICATE OF
APPEALABILITY & DENYING APPLICATION TO
PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner, John D. Ceasar, has appealed the Court's denial of his habeas corpus petition. The petition challenged Petitioner's state court convictions for assault with intent to murder, criminal sexual conduct, armed robbery, felon in possession of a firearm, and felony firearm. Petitioner raised the following habeas issues for review: (1) unduly suggestive photograph line-up and pretrial identification procedures; (2) use of fraudulent documentary evidence to secure his conviction; (3) untimely and delayed arraignment; (4) violation of Petitioner's *Miranda*[1] rights; (5) ineffective assistance of counsel; and (6) insufficient evidence.

---

[1] *Miranda v. Arizona,* 383 U.S. 436 (1966)

Currently pending before the Court is Petitioner's notice of appeal[2] and an application for leave to proceed *in forma pauperis* on appeal. For the reasons that follow, the Court will deny both of Petitioner's motions.

## I. STANDARD

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a certificate of appealability (COA)." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

---

[2]Although Petitioner's pleading is entitled "Notice of Appeal," the Court will interpret it as a motion for certificate of appealability as it was filed with a brief and legal argument.

2

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

## II.  DISCUSSION

In the Court's "Opinion and Order Denying Petition for Writ of Habeas Corpus," the Court indicated that Petitioner's insufficiency of evidence claim and his *Miranda* rights violation claim were procedurally defaulted.  The crux of Petitioner's COA is that these claims were not procedurally defaulted and as a result they should have been resolved on the merits in his favor.  Petitioner's second argument is that Respondent did not raise the issue of procedural default in its response , thereby "implicitly waiving" its right to raise the claim against Petitioner.

### A.  Insufficiency of Evidence Claim

Petitioner asserts that he raised his insufficient evidence claim in an application for leave to appeal dated August 25, 2005 and that the same claim was raised in an application for leave to appeal filed with the Michigan Supreme Court. Therefore, Petitioner maintains  that his insufficiency of evidence claim was not procedurally defaulted and should have been reviewed on the merits so that habeas relief could be granted.  Assuming that Petitioner's is correct and that his insufficient evidence claim was not

3

procedurally defaulted and deserving of a review on the merits, habeas relief would still have been denied for three reasons.[3]

First, the standard for determining if a conviction is supported by sufficient evidence is "whether after reviewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 317 (1979). In making such a determination, a district court may not substitute its own determination of guilt or innocence for that of the factffinder nor may it weigh the credibility of witnesses. *Id., Walker v. Engle,* 703 F.2d 959, 970 (6th Cir. 1983). Here, there was no trial because Petitioner opted to plead *nolo contendere*. Therefore, there is no evidence to review or consider on a sufficiency of the evidence claim. In essence, Petitioner's *nolo contendere* plea is a substitute for the evidence necessary to convict him. A petitioner's claim that "there was insufficient evidence to support his guilt is frivolous" where the Petitioner pled guilty and such plea was intelligent and voluntary." See *Morton v. Tessmer,* 1999 U.S. Dist. LEXIS 4587 at n. 7 (E.D. Mich 1999). Thus, absent a showing that Petitioner's plea was not intelligent and voluntary, Petitioner's claim does not present a reviewable issue. Petitioner makes no arguments in these habeas proceedings regarding whether his plea was knowingly or voluntarily entered.

Second, Petitioner pled no contest to the offenses with which he had been charged. During the plea colloquy he was advised of the maximum penalties for the offenses that he

---

[3]The Court still finds that Petitioner's insufficiency of evidence claim and his *Miranda* violation claim, *infra,* are procedurally defaulted for the reasons set forth in its Order denying habeas relief. However, for purposes of completeness, the Court will address the merits of both claims.

was charged with and any mandatory minimum penalties. The trial court explained to Petitioner at great length the applicability of the Michigan Sentencing Guidelines and how they would only apply to his minimum sentence. The trial court and the prosecutor placed the terms of the plea agreement on the record.  Petitioner denied that any other promises or threats had been made to induce his plea of no contest. The transcript and the colloquy clearly establish that Petitioner's plea of no contest was entered into knowingly and voluntarily. Although Petitioner filed a motion to withdraw his plea in the trial court, he did not raise the validity of his plea as an issue in his habeas petition.

Finally, although this Court is not the trier of fact, it is noted that at the preliminary examination the alleged victims of Petitioner's crimes testified and in all likelihood would have testified at Petitioner's trial if one had taken place.  Annette Martin testified at Petitioner's preliminary examination that on February 9, 2002 Petitioner dragged her into a vacant building, pointed a gun in her vagina, fired a shot, proceeded to beat her, sexually penetrate her with his penis, and took her personal property. (Prelim. Tr., 5/13/02, at 7-14) Ms. Martin stated that she sustained brain damage and life-threatening injuries, underwent numerous surgical procedures and spent several months in the hospital.  *Id.* at 13.

Cheryl Carter testified that on April 14, 2002, Petitioner dragged her into a vacant building, sexually penetrated her rectum with his penis and forced her to perform oral sex. *Id.* at 24-31.  Petitioner also demanded that she turn over her jewelry at gun point and continued his threats to kill her. *Id.* at 26.  Fearing for her life, Ms. Carter bit Petitioner's penis drawing blood, and he subsequently fled the scene. *Id.* at 30

Based upon the foregoing, the Court finds that reasonable jurists  would not find the

Court's decision to deny habeas relief on this issue debatable or wrong on procedural grounds and/or on substantive grounds.

### B. *Miranda* Violation

Petitioner asserts that he raised his *Miranda* claim in a motion for relief from judgment in April 2005, and raised the issue before the Michigan Court of Appeals and the Michigan Supreme Court. Therefore, Petitioner contends that his *Miranda* claim was not procedurally defaulted and should have been reviewed on the merits. Assuming that Petitioner is correct and that his *Miranda* claim was not procedurally defaulted and deserving of a review on the merits, habeas relief would still have been denied. The extent of Petitioner's *Miranda* claim is that "his *Miranda* rights were violated because any [police officer] who violates the Constitution usually does so to obtain evidence they could not secure lawfully . . . " (Not. of App. at 2). Petitioner then discussed, within the text of his habeas petition, the validity of the search warrant that was executed and the fact that it was improperly issued and should not have been authorized. Finally, Petitioner states that he requested an attorney during his questioning and was told "no."

Petitioner's handwritten habeas petition consists of a series of rambling and incoherent conclusory statements, unsubstantiated allegations, and no basis upon which a *Miranda* violation claim can be supported. Therefore, habeas relief would have been denied despite any procedural default. Reasonable jurists would agree that the Court's assessment of this issue was not incorrect or debatable.

### C. Waiver

Finally, Petitioner argues that Respondent waived its right to claim procedural default

6

as a basis upon which to have the habeas petition dismissed because the issue of procedural default was not raised in its responsive pleading. Petitioner's argument is belied by the record. Respondent specifically states that "Petitioner's claims are noncognizable, unexhausted and/or procedurally defaulted . . . " within the text of its responsive pleading. (Response at 4). Therefore, Petitioner's "implicit waiver" argument is without merit.

### D.  *In Forma Pauperis*

Additionally, Petitioner has filed an "*In Forma Pauperis* Declaration." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). The standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.

The Court concludes that Petitioner's claims are frivolous. Accordingly, the Court will deny Petitioner's motion for leave to proceed on appeal *in forma pauperis*.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's "Notice of Appeal"  [Dkt. #32] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "*In Forma Pauperis* Declaration" [Dkt. #33] is **DENIED**.


s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT


Dated: September 17, 2009

Certificate of Service

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record electronically and/or U.S. Mail.

s/Bernadette M. Thebolt
Case Manager